RAINOLD, Judge ad hoc.
Plaintiff, Mrs. Mary C. Johnson, wife of Rufus K. Sellers, brings this suit for damages for personal injuries sustained by her as a result of her slipping and falling upon the concrete floor of the grocery store and’ market operated by the defendant, The Great Atlantic and Pacific Tea Company, in 3000 Carrollton Avenue, New Orleans, on the thirteenth day of November, 1946. Mr. Sellers joins as a plaintiff to recover the medical and other expenses occasioned by his wife’s injuries.
The owner-lessor, Pierre Puyoulet, was originally made a defendant, but the suit against him was dismissed on exceptions of no right or cause of action. No appeal was taken to the court’s ruling 'dismissing the case as to the defendant Pierre Puyou-let, and he has passed out of the case.
The record shows -that the defendant operated a retail grocery store and meat-market at the address 3000 Carrollton Avenue for a period of ten years. On November 13, 1946, shortly before 9:00 a. m., plaintiff, a regular customer of the store, while-in the act of making purchases, turned around to get a package of macaroni, and' in so doing slipped and fell on the cement-floor of the store.
The cement floor of the store had been treated with a preparation know as Myco. seal previous to November 13, 1946, the-date of the accident. It was shown that-during the four months preceding the accident Myco seal had been applied to- the-floor four times, under the supervision of' a representative of the manufacturer. The Manager of the store was in doubt as to> *123 •when the Myco seal was last applied, but he thought it was a week before the accident.
Myco seal, when first applied and -before ■it dries, is a sticky substance about the consistency of paint. The object of applying fit is to .seal the pores of the concrete in •order that the floor will not harbor dust,. When thoroughly dry, it is supposed .to leave a polished, yet abrasive surface upon •a concrete floor.
The evening before the accident, at .approximately 6:00 p. m., the floor was swept-with a yarn broom which had been sprayed with another product made by the same manufacturer, the Masury-Young Company, •of Boston, known as Myco yarn broom •dressing.
The testimony of Mr. Douglas, the Manager of the store, is that he mixed the Myco yarn broom dressing in a milk bottle, and, following the instructions of the manufacturer, mixed four parts water and one part •of the Myco yarn broom dressing; ' that after mixing it in the milk bottle he placed it in a spray gun and sprayed it on the yarn broom with which he afterwards swept the floor.
Mr. Cooley, a representative-of the manufacturer, testified that if the yarn broom dressing that had been applied to the broom left the floor wet, then the floor would be-■slick.
The testimony of Mrs. Robert Atkinson, & disinterested witness who was in the ■store at the time of the accident as a customer, was that immediately following the •accident she rubbed her shoe on the floor at the spot where the plaintiff had fallen, and same was slippery and had the appearance of being wet, although it was hot wet. Mrs. Atkinson testified further that she was familiar with the store, being a regular customer there, and this was the first time that the floor had the appearance’ •that it had on the morning of the accident.
■From the testimony of defendant’s witnesses, it appears that the defendant’s store was being used as a testing ground to demonstrate Myco seal compound .and Myco yarn broom dressing, and as far as this defendant was concerned its use was in an experimental stage.
Defendant by way of answer pleads that the products used were standard products. There is no doubt that the floor at the .spot where the accident happened was slippery, as testified to by Mrs. Atkinson. This condition of the floor, then, could have resulted only from 'the improper mixture, use or application of the products. ,
 A store keeper is not the insurer of the safety of his customers, and he is obliged only to use ordinary care in maintaining his premises. It is the duty of the customer to use ordinary care and caution. Where, as in the instant case, a hazard results from the act of a store keeper in the application of a compound to the floor, which was new and experimental to him, he is liable for the improper use, mixture or application, and for any resulting injuries to his customers.
We believe that the plaintiff has borne the burden of proof.
With reference to the plea of contributory negligence, there is no proof in the record that the plaintiff’s shoes were so out of shape or worn as to cause her to fall, nor is there any evidence to support the defense that the hazardous condition of the floor was open and obvious, and should have been observed and avoided by the plaintiff.
The record shows that the plaintiff suffered serious and painful injuries. After she fell on the floor of defendant’s store she was taken in an ambulance to Touro Infirmary. She suffered a fracture of the neck of the right femur, which required ah' open reduction, the use of pins to bring about union of the fractured parts. She was put. in traction in the Touro Infirmary and remained in traction for three weeks. She remained in the hospital until December 5, when she was allowed to go home.
A calipher brace was placed on her leg before she left the hospital. This brace extended from her hip to her foot, and the record shows that she wore it for about five months. Plaintiff was under the care of her physician for over one year. Her *124 injuries were attended with considerable pain and suffering.
The trial judge found that for her injuries, pain and suffering the plaintiff should recover the sum of $3,500. In the opinion of this court this seems to be a proper award.
In addition to this amount, fo.r the expenses of the community, plaintiff Rufus K. Sellers, the husband, was awarded the amount of the hospital bills and medical supplies in the sum of $373, plus $34 for medicines and laundry occasioned by the accident.
The record shows that these amounts are correct, and the judgment of the lower court in this respect also is hereby affirmed.
Affirmed.
JANVIER, J., takes no part