ELLIS, Judge.
This is an appeal by defendant United States Fidelity and Guaranty Company from a judgment awarding plaintiff $13,-910.06 for injuries resulting from a fall which she suffered while on the premises of defendant’s insured.
Plaintiff Bessie D. Hawsey was injured when she tripped and fell over a mop while on the premises of Andrews Rexall Drugs in Baton Rouge. According to Miss Haw-sey’s testimony, she had just finished paying for a purchase at the cashier’s counter and intended to go from there to the rear of the store. She testified that she turned to her right, took two steps, and tripped and fell. After she was on the floor, she discovered she had tripped over a mop which was being pushed by an employee of the drugstore. According to Miss Haw-sey’s testimony, the mop was then located at the end of an ice cream counter immediately across a 66 inch wide aisle from the cashier’s counter.
Lawrence Jenkins, the porter, testified that he was pushing the mop along the front edge of the ice cream counter, which was 15 feet long, and that he was approximately seven and one half feet from the front end of the counter. He testified that Miss Hawsey walked past him, tripped over the mop, and fell. The mop was about *419 five and a half feet long, and he was pushing it ahead of him.
No one else saw the accident. The only other testimony relative to the accident was that of the cashier, who stated that she assisted Miss Hawsey in rising and that Miss Hawsey had fallen at approximately the middle of the ice cream counter.
The trial judge, in resolving the obvious conflict in the above testimony, determined that the porter was immediately behind Miss Hawsey when she turned to go to the rear of the store, and that she had no opportunity to see him or the mop which she tripped over. He was of the opinion that Jenkins was negligent in the manner in which he was mopping the aisle in that he was not keeping a proper lookout for customers.
Although a storekeeper is not the insurer of his customer’s safety, the law imposes upon him the duty to provide a safe place for his customers to trade. A safe place necessarily implies a clear aisle or passageway through which the customer can walk in safety in pursuing the course of business for which he entered the store. Reid v. Monticello, 33 So.2d 760 (La.App. 1 Cir. 1948); Vogts v. Schwegmann, 56 So.2d 177 (La.App. 4 Cir. 1952); Lejeune v. Hartford Accident and Indemnity Co., 136 So.2d 157 (La.App. 3 Cir. 1961).
A customer in a store has a duty to see obvious dangers, and cannot recover if he fails to see that which should be observed by a reasonably prudent and observant person. Spinks v. General Fire and Casualty Company, New York, 175 So.2d 339 (La.App. 2 Cir. 1965).
In this case, the district judge found as a fact that Miss Hawsey had no opportunity to observe the mop before she tripped over it, and that the aisle of the store was not a safe place because of the manner in which Jenkins wielded the mop. We cannot say that this holding is manifestly erroneous.
The record shows that Miss Hawsey was hurt on February 19, 1966, and went to the hospital the same day, because of back pain. She was x-rayed and sent home. She was admitted to the hospital two days later and was treated with traction, sedation and other therapy for three or four days. She was re-admitted on March 9 for about ten more days. She had been wearing a brace since the accident, and, in the opinion of her doctor, was unable to pursue her profession as a registered nurse, although she had worked because of financial necessity.
Before the accident, Miss Hawsey was restricted in her work because of a heart condition. She also suffered from osteoporosis, a softening of the bone, and was being treated for spinal fractures in the upper back resulting from the condition. However, the low back pain is attributed to the fall by her doctor.
She had undergone extensive therapy since the accident in addition to that outlined above, and had improved to some extent. However, her physician said he would recommend surgery if her back pain persisted.
Considering the above facts, the trial judge awarded the sum of $10,000.00 for her pain, suffering, and disability. Considering the length of time involved and the severity of the pain testified to, we believe that this award lies within the limits of the discretion accorded the trial judge in such matters.
Plaintiff has answered the appeal and asked that the award for lost earnings be increased. The trial judge awarded the sum of $1,200.00 for her wages during 1966, but was of the opinion that her income for 1967 was such that she would suffer no loss for that year if she continued to earn at the same rate. He consequently made no award for future loss of earnings.
It is contended that the figure testified to by Miss Hawsey for 1967 was a gross *420 figure, whereas the figures for earlier years were net after deducting expenses. However, no showing was made that Miss Hawsey had any expenses for 1967, or what the nature of her expenses were for the prior years. On the evidence presented, the trial judge’s determination was correct.
For the above and foregoing reasons, the judgment appealed from is affirmed, at defendant’s cost.
Affirmed.