SAMUEL, Judge.
Plaintiff filed this suit for personal injuries sustained when he slipped and fell on broken glass as he was leaving the premises occupied by Kopper Kitchen, Inc., a restaurant then located on University Place in the City of New Orleans. The petition names three defendants: Kopper Kitchen, its liability insurer, and the alleged owner-lessor of the premises. The first two mentioned defendants answered averring the accident had been caused solely by plaintiff’s negligence and alternatively pleading contributory negligence and assumption of the risk on his part. Subsequently plaintiff dismissed the defendant owner-lessor from the suit. After trial there was judgment in favor of the other two defendants and against the plaintiff, dismissing his suit as to them. Plaintiff has appealed.
The facts are not in dispute. During the morning of Thursday, September 9, 1965 plaintiff arrived in New Orleans where he was a guest of friends at the Roosevelt Hotel. Hurricane Betsy struck the area that night. At about 11:30 a. m. the following Saturday morning, September 11, approximately thirty hours after the hurricane winds had subsided, plaintiff parked his automobile near the University Place entrance of the Roosevelt intending to drive his friends to an airport. While waiting for them to check out of the hotel, he crossed the street to get a cup of coffee at Kopper Kitchen.
At that time, and for quite sometime afterwards, storm debris littered New Orleans. The hurricane had blown out a plate glass window which had been across the entire front of the Kopper Kitchen establishment. A large amount of the broken pieces of that glass was on the sidewalk extending across the width of the building, and across the single entrance to the restaurant, from the front of the building almost to the street curb. Plaintiff saw the broken pieces of glass on the sidewalk; he walked through them to enter the premises. He remained in the restaurant only a few minutes and left after drinking his coffee. He walked to the entrance, pushed the door open and stepped to the sidewalk. Although he testified that when he did so he was being careful, he slipped on some of the broken glass, fell and injured himself. After the accident had occurred an employee of the *690 restaurant swept the broken glass from the front of the establishment.
Plaintiff contends the defendant restaurant violated the duty it owed to him, an invitee, in failing to keep its premises safe, especially as shown by the fact that the broken glass easily could have been swept away sooner, and that plaintiff had neither assumed the risk of falling on the broken glass nor had he been guilty of contributory negligence. As was true of the trial judge, who dismissed the suit on a finding that having exposed himself to a danger of which he was fully aware the plaintiff assumed the risk thereof, we deem it unnecessary to consider the question of whether or not the defendant establishment had violated the duty it owed to an invitee. For if the doctrine of assumption of the risk is applicable plaintiff cannot recover even if there was such a violation. And we agree with the trial court finding that plaintiff did assume the risk involved in walking over and through the broken glass.
Owners of business establishments are not liable for injuries to an invitee when those injuries result from a danger which should have been observed by the latter in the exercise of reasonable care; the invitee assumes the obvious, normal or ordinary risks attendant on the use of the business premises. Meek v. Travelers Insurance Company, La.App., 188 So.2d 677; Carter v. Travelers Insurance Company, La.App., 176 So.2d 176; Hughes v. Hughes, La.App., 170 So.2d 251; Tete v. Newark Insurance Company, La.App., 170 So.2d 248; Potter v. Board of Com’rs of Port of New Orleans, La.App., 148 So.2d 439; Spears v. American Fidelity & Casualty Company, La.App., 123 So.2d 513.
Here the danger, the broken glass on the sidewalk, was obvious; and by his own admission that danger was in fact known to the plaintiff. He walked over and through the glass in order to enter the restaurant and left the premises using the same door through which he had entered. As revealed by the record, there had been no change in the condition of the sidewalk during the few minutes he remained in the restaurant. Clearly he assumed the risk of slipping and falling on the broken glass.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.