236 So.2d 266 (1970)
Donley A. BERGLUND and Linda Berglund, His Wife
v.
F. W. WOOLWORTH COMPANY and Travelers Insurance Company.
No. 4046.
Court of Appeal of Louisiana, Fourth Circuit.
June 1, 1970.
*267 John M. Coman, Jr., and Richard M. Mathews, New Orleans, for plaintiffs-appellants.
*268 Jones, Walker, Waechter, Poitevent, Carrere & Denegre, R. Henry Sarpy, Jr., New Orleans, for defendants-appellees.
Before REDMANN, BARNETTE and DOMENGEAUX, JJ.
BARNETTE, Judge.
This is a suit for damages arising out of a slip and fall accident. The plaintiffs' demands were rejected and their suit was dismissed by the trial court and they have appealed.
On December 30, 1966, at about 3 p.m., the plaintiff Mrs. Linda Berglund entered Woolworth's store in downtown New Orleans from the Iberville-Bourbon Street corner entrance. It was raining at the time and been raining for several hours. After closing her umbrella and walking through the door a distance of approximately 7 feet she slipped and fell striking the floor, causing the injuries for which she seeks recovery of damages. Her husband, Donley A. Berglund, joined as a party plaintiff seeking recovery of special damages for certain alleged expenses incurred. F. W. Woolworth Company and its insurer, Travelers Insurance Company, are made defendants.
The undisputed facts are that the floor at the store entrance was wet from the tracking in of water and dripping of umbrellas. The rain was described as "heavy". Mrs. Berglund and a friend Mrs. Jo Ann Martinez had been to a beauty parlor, a restaurant, and a dress shop and had walked in the rain to the rear entrance of Woolworth's store. They were using one umbrella between them. Upon reaching the store entrance Mrs. Martinez entered ahead of Mrs. Berglund who stopped to close the umbrella. After passing through the doorway and into the store a distance of a few feet, Mrs. Berglund's feet suddenly went out from under her and she fell backward striking her buttocks and side on the floor. The floor was described by Mrs. Martinez as "wet". Mrs. Berglund's clothing was soiled by the footprints tracked in by customers entering the store. The substance was described by plaintiff and her companion as "mud", but we believe a more correct description would be grime tracked in from the wet sidewalk. Mrs. Berglund was about five months pregnant at the time, but this circumstance does not appear to have had any bearing on the cause of her fall.
The primary question in this case, as in all slip and fall cases, is negligence vel non of the defendant storekeeper and secondarily, the contributory negligence of the plaintiff.
Immediately upon conclusion of the trial and arguments, the trial judge dictated into the transcript his reasons for judgment as follows:
"The court finds as a fact that it was a rainy day on December 30, 1966 and that the plaintiff, accompanied by her friend, entered the store and that the floor was damp from the foot tracks of people coming in and out of the store, and, after hearing the testimony of the witnesses, the court concludes that based upon the facts of this case as presented by the evidence that plaintiff failed to prove any negligence on the part of the defendant, and, even assuming for the sake of argument only, that there was negligence on the part of the defendant, the court finds that the plaintiff was contributorily negligent."
There are certain well-established principles of law applicable to slip and fall cases in the jurisprudence of this State, and it would serve no useful purpose to attempt the citation of numerous pertinent cases in which these principles have been applied. Generally, the rule is that a storekeeper is not an insurer of the safety of his customers but does have a responsibility in providing a safe entranceway and a safe place in which to walk and shop and attend to such affairs as the nature of the business requires. He is under a duty to *269 exercise the care of a prudent person; to provide protection against reasonably foreseeable hazards and to maintain the premises in a reasonably safe condition at all times. Frederic v. Winn-Dixie Louisiana, Inc., 227 So.2d 387 (La.App. 4th Cir. 1969); Lofton v. Travelers Insurance Company, 208 So.2d 739 (La.App. 3d Cir. 1968); Pervel v. Hospital Service Ass'n of New Orleans, 192 So.2d 852 (La.App. 4th Cir. 1966); Hesse v. Marquette Casualty Company, 170 So.2d 173 (La.App. 4th Cir. 1964); Dever v. George Theriot's, Inc., 159 So.2d 602 (La.App. 3d Cir. 1964); Peters v. Great Atlantic & Pacific Tea Co., 72 So.2d 562 (La.App. 2d Cir. 1954); Joynes v. Valloft & Dreaux, 1 So.2d 108 (La.App. Orleans 1941).
The requirement of prudence and the responsibility to exercise reasonable care also applies to the customer in the use of the premises. Nurdin v. Connecticut Fire Insurance Company, 211 So.2d 688 (La.App. 4th Cir. 1968); Hawsey v. United States Fidelity and Guaranty Co., 211 So.2d 417 (La.App. 1st Cir. 1968); Coquille v. Expressway Bowling, Inc., 183 So.2d 347 (La.App. 4th Cir. 1966); Tete v. Newark Insurance Company, 170 So.2d 248 (La.App. 4th Cir. 1964); Ensminger v. Great Atlantic & Pacific Tea Company, 152 So.2d 586 (La.App. 2d Cir. 1963); Johnson v. Puyoulet, 47 So.2d 122 (La. App. Orleans 1950); Knight v. Travelers Ins. Co., 32 So.2d 508 (La.App. 1st Cir. 1947).
Every case must be treated separately within these general guidelines on the facts peculiar to each case. This we have attempted to do and can find no manifest error in the conclusion reached by the trial judge in applying these general principles of law to the facts which we find from an examination of the record before us.
There is no evidence that there was an abnormal accumulation of water or foreign substance on the floor, but only such as might reasonably be expected to have been tracked in by customers on a rainy day. There was testimony by defendant's porters that, among other duties, they mopped the surplus water from the floor near the entrances several times that day, but we are not convinced that they did so with any regularity. There is no convincing evidence that the entrance in question was mopped at any certain time prior to Mrs. Berglund's accident, but the condition of the floor as described by Mrs. Berglund and her companion was not such as to indicate a neglect on the part of defendant's porters in not having mopped it more frequently.
It might be argued that on rainy days defendant Woolworth should lay down a mat or take some other precautionary measures. In every accident case one might speculate in retrospect on what might have been done to prevent the accident; but failure to foresee and take steps to avoid must be judged by the rule of reason and prudence and not by the standard of care indicated by hindsight. The plaintiffs have failed to carry the burden of proof that the defendant Woolworth was negligent in this respect.
The facts in this case are very similar to those in Pervel v. Hospital Service Ass'n of New Orleans, supra. That was a slip and fall case just inside the entrance to defendant's premises on a rainy day. We said:
"We conclude from our study of the record that the steps were either wet or damp, and that plaintiff's shoes and clothing were likewise either wet or damp, and that the accident was probably due to a combination of the two. It is fair to assume that the condition of the steps was due to water tracked in by people entering the building on the rainy day in question. The record contains no evidence of any puddle or great quantity of water on the steps, but whatever condition the steps were in was observed by plaintiff before she undertook to negotiate them." 192 So.2d at 853.
*270 This fairly well summarizes the findings of fact and the conclusion reached by the trial judge in this case, and we find no error therein.
Counsel for appellants has made a point of the failure of defendants' attorney to sign the answer filed, citing LSA-C.C.P. art. 863, which requires all pleadings to be signed by at least one attorney of record. The failure of defendants' counsel to sign the original copy of the answer was an apparent oversight and was not discovered by appellants' counsel until the original record was examined by him in preparation for writing`his brief on this appeal. We fail to see wherein the plaintiffs' case has been prejudiced by this oversight. LSA-C.C.P. art. 864 indicates the reason for the requirement of article 863, namely, to fix the responsibility in event disciplinary action should be necessary for improper pleading. The pleading is not an end in itself but the means to an end and must be construed to do substantial justice. LSA-C.C.P. art. 865. The answer has served its purpose, i.e., as a means to an end as effectively as if it had been signed. Had the oversight been discovered before or during the course of trial, we reserve comment as to what should have been done under the circumstances which might have then prevailed, but we know of nothing which could be done at this stage of the proceeding that would better serve the ends of justice than treat the matter as a harmless oversight which has in nowise prejudiced plaintiffs' case.
Counsel for appellants also complain of the numerous continuances of the trial of this case below and particularly a continuance on December 18, 1968, a date previously set for trial, on which date plaintiffs appeared with witnesses in response to subpoenas. Over his objection defendants' counsel was granted continuance for the alleged reason that he (a member of the State Legislature) had been in a special session of the State Legislature which had just ended and he needed more time to prepare for trial. Since defendants' counsel was one of a large firm and not the one who finally appeared as trial attorney, the granting of continuance on that date might not have been a wise exercise of discretion, but the question is now moot. Counsel for plaintiffs could have sought relief from this court through the exercise of our supervisory jurisdiction, but having not done so, there is nothing which we can do at this stage of the proceeding in response to his complaint. There is no showing that the witnesses who were then subpoenaed and available were not available to testify on plaintiffs' behalf when the case finally reached trial. Except for the annoyance of delay and possibly the nominal expense of additional subpoenas, which we consider to be de minimis, there has been no prejudice shown.
The judgment rejecting plaintiffs' demands and dismissing their suit is affirmed at appellants' cost.
Affirmed.