STOULIG, Judge.
The basis of plaintiff’s suit is threefold: (1) a claim for unpaid wages in the amount of $250; (2) an action in tort for damages as a result of injuries sustained by virtue of defendant’s negligence in failing to provide a safe place to work; and (3) alternatively, a proceeding under the Louisiana Compensation Act for permanent and total disability attributable to an accident allegedly arising in the scope and course of his employment by the defendant.
After a trial on the merits, the lower court found the defendant indebted to plaintiff in the amount of $200, but denied his claim in tort on the ground that he was primarily or contributorily negligent, and refused him coverage under the Workmen’s Compensation Act for the reason that he was neither employed by, nor engaged in, any work for the defendant at the time of the accident. From this judgment, plaintiff has appealed.
*714 The trial court found that the plaintiff did bear the burden of proof necessary to sustain his right to a judgment for $200 of his total claim of $250 for unpaid wages. No appeal was taken by the employer from this segment of the decree. Nor has the appellant been able to urge any basis which would justify an increase in the amount of the award. Accordingly, this portion of the judgment must remain undisturbed.
The testimony relating to the manner and circumstances surrounding the occurrence of the accident tendered by the litigants is almost totally irreconcilable.
According to the plaintiff, on the afternoon of January 17, 1968, he was delivering building materials from his truck to the interior of a building under construction, owned by the defendant and identified as the “Wreck Lounge.” After making several trips and while leaving with some trash, he stumbled over an extension cord which had been inserted into a wall socket to provide current for an electrical instrument then in use. Mr. Geiger testified the cord was plugged in after he last passed through the room and that he was not aware of its presence on his return. Allegedly, he tripped over this obstacle causing an injury to his ankle which permanently disabled him.
In contradiction of this testimony the defendant contends that the plaintiff was on the premises merely out of a desire to see the progress in construction. At the time, Noel Deancasse was working behind the bar and Mr. Geiger, in order to see what was being done, had to cross the extension cord which was located about a foot above the floor. Rather than step over this wire, plaintiff attempted to leap over it and, in so doing, tripped and stumbled. Defendant testified that plaintiff even remarked that it was a crazy thing for him to do.
Lastly, the defendant maintained that the electric cord would not have been in plaintiff’s path even if he were delivering materials, which is denied, since it was located in an entirely different part of the room he supposedly passed through.
The trial judge in his reasons for judgment noted that plaintiff offered no corroboration of his version of the accident whatsoever, with the exception of a cash receipt for material purchased on January 17, which material he contended he was unloading at the time of the accident. This receipt was properly assigned little probative value for the reason that it did not reflect the name of the purchaser nor was it identifiable with any particular job.
In contrast, the court found the defendant’s version corroborated by several witnesses and concluded that it more accurately reflected the circumstances which surrounded the accident in question.
Regardless of which exposition of the accident is accepted, plaintiff cannot recover in tort, for in each instance he would be guilty of negligence which caused its occurrence and resulted in his injury.
Under plaintiff’s theory he would have been negligent in failing to see what he should have seen and that with which he is legally charged with having seen, i. e., the extension cord in his path approximately one foot above the floor. See Hawsey v. United States Fidelity and Guaranty Co., 211 So.2d 417 (La.App. 1st Cir. 1968). Having been charged with the knowledge of its presence, obviously, Mr. Geiger was negligent in failing to avoid tripping over it.
Under the defendant’s narrative of facts, plaintiff would be guilty of negligence in attempting to leap over the extension cord rather than step over it, as a reasonable and prudent man of his years would have done under like circumstances.
Thus, from the foregoing, plaintiff is not entitled to recover in tort on the facts or under any concept of law.
In order to qualify for workmen’s compensation benefits the duty rests with *715 the plaintiff to prove by a preponderance of evidence, to the same extent as is exacted for the proof of any fact in an ordinary civil proceeding, that he was injured in the course and scope of his employment with the defendant. Williams v. New Orleans Paper Box Company, 185 So.2d 109 (La.App. 4th Cir. 1966). It is sacramental that Mr. Geiger first establish that an employer-employee relationship existed with Mr. Larrieu, which the trial judge concluded he failed to do. It is axiomatic that the trial court has great discretion in determination of facts, especially in its findings of credibility of witnesses, and is not to be reversed in absence of manifest error. Gaspard v. Le-Maire, 245 La. 239, 158 So.2d 149 (1963); Readco Industries, Inc. v. Mrymax Specialties, Inc., 236 So.2d 573 (La.App. 1st Cir. 1970); Gay v. Travelers Insurance Company, 234 So.2d 241 (La.App.2d Cir. 1970). Thus, as this essential proof is lacking, no need exists to further consider the eligibility of plaintiff for compensation benefits, and his claim in this respect must be dismissed.
For the foregoing reasons, the judgment appealed from is affirmed at appellant’s costs.
Affirmed.