287 So.2d 651 (1973)
Mrs. Annie Mae GRIFFIN, Wife of and Paul Griffin
v.
WINN DIXIE, INC. et al.
No. 5797.
Court of Appeal of Louisiana, Fourth Circuit.
December 20, 1973.
Dudley A. Philips, Jr., Malcolm, L. dela Houssaye, New Orleans, for plaintiff-appellant.
Lawrence J. Ernst, Christovich & Kearney, New Orleans, for defendant-appellee.
Before LEMMON and FLEMING, JJ., and WICKER, J. Pro Tem.
THOMAS C. WICKER, Jr., Judge Pro Tem.
This is an action for damages arising from a slip and fall sustained by plaintiff, Mrs. Annie Mae Griffin, while entering *652 Winn Dixie's Avondale food store. Plaintiff brought suit against Winn Dixie, Inc. and its insurer, Continental Insurance Company. The trial court rendered judgment in favor of defendants and dismissed plaintiff's suit. From this adverse judgment plaintiff appeals.
The evidence shows that plaintiff's fall took place on December 27, 1968 at approximately 5:30 P.M. It had rained much of the day and was drizzling at the time plaintiff entered the front door of defendant's store. According to the testimony of plaintiff and the assistant store manager, plaintiff was three to five feet inside the door when she slipped and fell on the store's tile floor.
Plaintiff testified that she did not notice any water on the floor when she entered, but after her fall her clothes were damp. The assistant store manager, Mr. Alan Mason, testified that the floor in the area of the door had been dry mopped no more than five minutes prior to plaintiff's fall, in accord with Winn Dixie's policy of periodically mopping up the water tracked in by customers on rainy days. He further testified that at the time of plaintiff's fall the floor was "as close to being dry as. . . it could be" under the existing conditions. He explained that if several persons had entered the store subsequent to the mopping, the floor may have had a little moisture on it in addition to that which plaintiff tracked in on the bottom of her own feet.
On the basis of this evidence plaintiff alleges that her accident was caused by defendant's negligence in creating a hazardous condition by having mopped the wet floor around the door and failing to warn entering customers of the slippery condition of the floor. Plaintiff argues further that defendant was negligent in failing to provide a mat or carpet on which to walk in the area of the door. Winn Dixie, on the other hand, denies any negligence on its part and asserts that the proximate cause of the accident was the negligence of plaintiff in failing to maintain a proper lookout when she should have known that the floor might be wet from people tracking rain water in from outside.
The question presented in this appeal is whether Winn Dixie breached its duty to provide a safe place for its customers to walk by maintaining the entrance to the store in a reasonably safe condition. The trial court in its reasons for judgment found that defendant had fulfilled its obligation to provide for the safety of its customers by mopping the floor in the immediate vicinity of the door periodically on rainy days and no more than five minutes before plaintiff's accident. With this conclusion we cannot disagree.
The jurisprudence relating to slip and fall accidents is voluminous. It will suffice us to examine certain well-established principles of law and several recent decisions as they relate to the facts of the present case.
The general rules with respect to the liability of a storekeeper for the safety of his customers have recently been summarized by this court in the following manner:
Generally, the rule is that a storekeeper is not an insurer of the safety of his customers but does have a responsibility in providing a safe entranceway and a safe place in which to walk. . . . He is under a duty to exercise the care of a prudent person; to provide protection against reasonably foreseeable hazards and to maintain the premises in a reasonably safe condition at all times. The requirement or prudence and the responsibility to exercise reasonable care also applies to the customer in the use of the premises, (cited authorities omitted).
Berglund v. F. W. Woolworth Co., 236 So.2d 266, 268-269 (La.App.4th Cir. 1970). Given the basic standard of care as that exercised by the reasonably prudent storekeeper, the question before us is whether Winn Dixie lived up to that standard by *653 periodically mopping up the rain water tracked into the entrance of the store by customers.
The recently decided case of Lott v. Winn-Dixie Louisiana, Inc. et al., 280 So. 2d 659 (La.App.4th Cir. 1973) would appear to be on all fours with the case at bar. In that case, as in this, the plaintiff fell while entering a Winn Dixie store on a rainy day. Winn Dixie claimed it had fulfilled its duty to maintain the premises in a safe condition by mopping approximately every fifteen minutes; in the present case, the store contended that it mopped even more frequently and the floor had been mopped only five minutes before the accident. The court in Lott noted that the plaintiff had offered no proof to show that a substantial amount of water was on the floor. Id. at 660. In the case at bar the only evidence of water on the floor at the time of the accident was plaintiff's moist clothing and the assistant store manager's admission that customers may have tracked in a small amount of rain water in the five minutes since the floor had been mopped. The court in the Lott case held for defendant Winn Dixie, explaining its decision in the following language:
It can be reasonably anticipated that on a rainy day people will track water into a public place. . . . Any one person may track in enough water,. . . to cause the next person to slip, dependent upon the condition of the floor surface. There is no showing here that the floor surface was unduly slick or smooth such that any wetness whatever would cause patrons to slip. Upon such a showing even continuous mopping may conceivably be insufficient care. In the absence of such a showing we cannot say reasonable care was not taken.
Id. at 661. See also Berglund v. F. W. Woolworth Co., 236 So.2d 266, 269 (La. App.4th Cir. 1970). This reasoning directly applies to the case presently before us as well.
With regard to plaintiff's allegation that Winn Dixie was negligent in failing to provide a mat or carpet in the immediate vicinity of the door, it must be noted that in conjunction with defendant's automatic door a rubber mat does extend two feet inside the door. Due to the fact that plaintiff's fall occurred three to five feet inside the door, plaintiff's complaint must be that Winn Dixie was negligent in failing to provide additional matting or carpeting. In every accident case we can speculate in retrospect on what could have been done to prevent the accident, but "failure to foresee and take steps to avoid must be judged by the rule of reason . . . and not by the standard of care indicated by hindsight." Berglund v. F. W. Woolworth Co., 236 So.2d 266, 269 (La.App.4th Cir. 1970). The plaintiff has failed to carry the burden of proof that defendant Winn Dixie was negligent in providing for the safety of its customers when it periodically mopped the floor in the area of the door and did so only five minutes prior to plaintiff's accident.
We, therefore, affirm the trial court judgment and dismiss plaintiff's appeal at her cost.
Affirmed.
LEMMON, J., dissents.