**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 95-31197
Summary Calendar

JESSIE JEFFERSON,

Plaintiff-Appellant,

VERSUS

WAL-MART STORES, INC.,

Defendant-Appellee.

Appeal from the United States District Court
For the Western District of Louisiana
(93-CV-1780)

June 25, 1996

Before WIENER, EMILIO M. GARZA and PARKER, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Jessie Jefferson injured herself when she slipped and fell in some water on the floor in a Wal-Mart store in Pineville, Louisiana. She filed suit for personal injuries and

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

1

damages against Wal-Mart Stores, Inc., alleging that Wal-Mart either caused or had actual or constructive knowledge of an unsafe condition and failed to take reasonable precautions which would have prevented Appellant's injuries. At trial, the jury found that Wal-Mart either created a hazardous condition or had actual or constructive notice of the condition before the accident. However, the jury went on to find that Wal-Mart acted in a reasonably prudent manner in exercising its duty to keep the store premises free of any hazardous conditions. Pursuant to this verdict, the district court entered judgment in favor of Wal-Mart. Appellant filed a motion for new trial, alleging that the jury's finding concerning Wal-Mart's reasonable prudence was contrary to the law and the evidence, which the district court denied.

We may overturn a decision denying a motion for new trial only if the district court abused its discretion. *Seidman v. American Airlines, Inc.*, 923 F.2d 1134, 1140 (5th Cir. 1991). In reviewing the district court's actions, the evidence is viewed in the light most favorable to the jury verdict. *Id.* The district court abuses its discretion by denying a new trial only when there is an "absolute absence of evidence to support the jury's verdict." *Id.* Lousiana law controls the merits of this action, based on the district court's diversity jurisdiction. Under Louisiana law, it was the plaintiff's burden to prove that Wal-Mart did not exercise reasonable procedures to make their premises safe. LSA-R.S.

2

9:2800.6.

The jury was instructed pursuant to Louisiana law as follows. On a damp and rainy day it is understandable that there might be some moisture in the entrance area of a store. The law recognizes that to require a storekeeper to keep a floor completely dry during rain or to hold the store responsible for every slick place due to rain water tracked in by customers or buggies would impose an unreasonable standard of care which the law does not require of a store owner. Rather, the defendant must take reasonable steps to protect its patrons from injury because of the wet condition by mopping, sweeping, placing adequate mats, covering and if necessary, by a warning commensurate with the condition. These instructions were based on *Johnson v. Tayco Foods*, 475 So.2d 65 (La. App. 2 Cir. 1985) and *Edwards v. Piggly Wiggly*, 401 So.2d 493 (La. App. 2 Cir. 1981). Jefferson does not contend that the instructions were in error.

The evidence and argument at trial centered on the fact that Jefferson entered the store through an exit door and fell in that vicinity, while Wal-Mart's safety precautions were concentrated in front of the entrance doors. The question for the jury was whether, under these specific circumstances, Wal-Mart's duty required it to provide more or different safety precautions to prevent patrons from slipping on a wet floor. The jury's determination that Wal-Mart acted in a reasonably prudent manner in

3

exercising its duty to the keep the store premises free of hazardous conditions is supported by evidence in the record. For that reason, we find that the district court did not abuse its discretion in denying Jefferson's motion for new trial.

AFFIRMED.