338 So.2d 757 (1976)
Donald W. KANUK and Mrs. Lastenia Viguez Kanuk et al.
v.
Melvin H. POHLMANN and Robert Conn.
No. 7598.
Court of Appeal of Louisiana, Fourth Circuit.
October 13, 1976.
Rehearing Denied November 16, 1976.
Writ Refused January 19, 1977.
Nelson, Nelson & Lombard, Ltd., Irving H. Koch, New Orleans, for plaintiffs-appellants.
Lenfant & Villere, Plauche F. Villere, Jr., New Orleans, for defendant-appellee Melvin Pohlmann.
John J. McCann and Raoul P. Sere, John J. McCann, New Orleans, for defendant-appellee Robert Conn.
Before LEMMON, GULOTTA and BEER, JJ.
*758 LEMMON, Judge.
The principal issue in plaintiffs' appeal from a judgment dismissing their suit under C.C.P. art. 561 is whether the filing of an unsigned motion to fix for trial on the merits constituted a step in the prosecution of the case so as to prevent dismissal for abandonment.
Between April 8, 1970 (when plaintiffs filed an amended petition) and August 12, 1975 (when defendants moved to dismiss the case for want of prosecution), the parties admittedly took no step in the prosecution or defense of the case other than by filing on March 26, 1975 the motion to fix for trial on the merits. The motion was presented on a blank form supplied by the district court. The name and address of one of the plaintiffs (who is also an attorney) were handprinted in the appropriate blank spaces on the form, but the motion was not signed by plaintiffs or their counsel.
The purpose of the C.C.P. art. 561 is to dismiss actions which have been abandoned, and the article provides for dismissal of those cases in which a plaintiff's inaction during a legislatively ordained period has clearly demonstrated his abandonment of the case. The article was not intended, however, to dismiss those cases in which a plaintiff has clearly demonstrated before the court during the prescribed period that he does not intend to abandon the action. The filing of the technically defective motion in this case was a step toward moving the suit to judgment and militated against any intention to abandon the action.
Furthermore, the purpose of C.C.P. art. 863's requirement of signed pleadings is to place the responsibility for truthful and accurate allegations upon the attorney so as to subject him to disciplinary action for willful violation. (See C.C.P. art. 864, which also provides sanctions for scandalous or indecent matter in pleadings.) See also Berglund v. F. W. Woolworth Co., 236 So.2d 266 (La.App. 4th Cir. 1970). This purpose is completely unrelated to the application of the article in the present case and to the harsh, technical result of that application.
Pertinent is the following observation in 5 Wright & Miller, Federal Practice and Procedure § 1334 (1969), relative to Federal Rule 11, the source of C.C.P. art. 863:
"A failure to sign is a mere technical defect. Accordingly, in view of the basic policy of the federal rules to adjudicate actions on their merits rather than on procedural niceties, a motion to dismiss or to strike under this rule should not be granted unless the moving party has been severely prejudiced or misled by the pleader's failure to sign. It is highly unlikely that a party will be able to show sufficient prejudice to justify dismissal. Moreover, the liberal philosophy of Rule 15 seems to encourage the court's giving leave to amend to correct a failure to sign a pleading." (Citations omitted)
Defendants have not even attempted to show any prejudice sustained because of plaintiffs' failure to sign the motion to fix for trial.
Accordingly, the judgment of the trial court is reversed, and it is now ordered that the motion to dismiss be denied and the case remanded for further proceedings.
REVERSED AND REMANDED.