JPLOTKIN, Judge.
Defendant William T. Welch appeals the trial court’s entry of a default judgment against him in this suit which arises from a promissory note. We reverse.

Facts

Mr. Welch signed a $22,000 promissory note in favor of Sara O. Dunn on June 6, 1992, promising to pay Ms. Dunn six installments of $3,666.66 on the 15 th day of each and every succeeding month for six months beginning on September 15, 1992. On February 3, 1994, the executor of Ms. Dunn’s estate, Felix M. Dunn, filed the instant suit, *52 alleging that Mr. Welch had made only one $3,500 payment on the promissory note up until that date. Mr. Dunn sought judgment against Mr. Welch in the sum of $18,500, plus interest and 25 percent attorney’s fees, as allowed by the terms of the note. Mr. Welch was served by personal service on February 10,1994.
^Thereafter, on March 4, 1994, Mr. Dunn filed a Motion for Preliminary Default, and obtained an Order of Preliminary Default on the same day. Then on March 10, 1994, Mr. Welch filed a Declinatory Exception For Lack of Jurisdiction Over the Person of the Defendant. That exception was heard on March 6, 1997; the trial court denied the exception by written judgment dated March 7, 1997. The trial court found that the exception had been waived because it had not been filed prior to the taking of a preliminary default as required by La. C.C.P. art. 928.
Following the denial of his exception to personal jurisdiction, on March 27, 1997, Mr. Welch submitted an answer to the petition on the promissory note, along with a request for. notice, with the clerk of the Civil District Court. However, on March 31, 1997, the trial court confirmed the default judgment against Mr. Welch. Mr. Welch claims that he never received notice of either the motion for confirmation of the default judgment or of the resulting judgment until he was served with a Motion to Examine Judgment Debtor on June 10,1997.
Mr. Welch filed a Motion to Nullify the Default Judgment, claiming that he was not served with notice as request in his pleading. The trial court denied the motion to nullify, dismissing Mr. Welch’s answer because filing fees were not paid with five days of the filing of the answer. Mr. Welch appeals both the denial of his exception to personal jurisdiction and the denial of his motion to nullify.

^Exception to 'personal jurisdiction

In its reasons for denying Mr. Welch’s exception to personal jurisdiction, the trial court stated as follows:
DEFENDANT’S DECLINATORY EXCEPTION FOR LACK OF JURISDICTION OVER THE PERSON OF THE DEFENDANT is dismissed under the provisions La. C.C.P. art. 928. A preliminary default was entered against the defendant on March 4, 1994. The defendant filed his declinatory exception on March 12, 1994. A declinatory exception shall be plead pri- or to a judgment of preliminary default.
Prior to the 1997 amendment to La. C.C.P. art. 928, a declinatory exception was considered waived until it was pleaded prior to answer or judgment by default. Mr. Welch claims that “judgment by default” means confirmation of the default judgment; however, La. C.C.P. art. 1701, relative to “judgment by default,” controls the entry of what is commonly called “preliminary defaults.” Moreover, La. C.C.P. art. 1702, which refers to “confirmation of default judgment,” also refers to the confirmation of a “judgment by default.” Thus, prior to 1997,[1] when this case was decided, declinatory exceptions were waived unless filed prior to the taking of a preliminary default. Thus, Mr. Welch’s exception to personal jurisdiction was untimely and waived.

Motion for nullity

In its reasons for denying the motion for nullity, the trial judge cited LSA-R.S. 13:850, relative to the filing of facsimile pleadings in civil actions. That statute provides, in pertinent part, as follows:
[)A. Any paper in a civil action may be filed with the court by facsimile transmission. All clerks of court shall make available for them use equipment to accommodate facsimile filing in civil actions. Filing shall be deemed complete at the time that the facsimile transmission is received and a receipt of transmission has been transmitted to the sender by the clerk of court. The facsimile when filed has the same force and effect as the original.
B. Within five days, exclusive of legal holidays, after the clerk of court has received the transmission, the party filing *53 the document shall forward the following to the clerk:
The original signed document.
The applicable filing fee, if any.
A transmission fee of five dollars.
C. If the party fails to comply with the requirements of Subsection B., the facsimile filing shall have no force or effect. The various district courts may provide by court rule for other matters related to filings by facsimile transmission.
The trial court improperly applied the above provision to the instant case. The record indicates that Mr. Welch filed his answer in person, not by facsimile. Thus, LSA-R.S. 13:850 has no application to the instant case.
Mr. Dunn argues, however, that the “spirit” of LSA-R.S. 13:850 should apply in this case. LSA-R.S. 13:850(0 states specifically that a party making a facsimile filing must meet the requirements of LSA-R.S. 13:850(B); otherwise, the pleading is considered to have no effect. LSA-R.S. 13:850(B), in turn, requires that applicable filing fees be filed with the clerk of court within five days of the facsimile filing. Mr. Dunn urges this court to impose the same requirement on Mr. Welch, despite the fact that Mr. Welch filed his answer in person.
We see no merit in Mr. Dunn’s argument on this issue. Although LSA-R.S. 13:850 places the burden for paying fifing fees within five days on the party making a facsimile fifing, no such requirement is imposed on a party fifing documents with the clerk of court in person. In that case, the clerk of court has the burden of assuring that all requirements for fifing have been met. The clerk of fccourt apparently failed to meet that burden in the instant case; however, Mr. Welch cannot be penalized by the clerk’s failure to collect the appropriate fifing fees.
La. C.C.P. art.2002, relative to annulment of judgment for vices of form, more commonly called “absolutely null judgments,” requires the annulment of a final judgment against a defendant “against whom a valid judgment by default has not been taken.” §(A)(3) Moreover, under the provisions of La. C.C.P. art. 1702, a judgment by default may not be confirmed if the defendant files an answer prior to the confirmation. Unquestionably, Mr. Welch filed his answer timely. Accordingly, the default judgment is absolutely null. The trial court judgment to the contrary is erroneous.

Conclusion

The default judgment rendered against Mr. Welch is absolutely null; it is hereby reversed. The case is remanded to the trial court for further proceedings.

REVERSED.

. Under the 1997 amendment to La. C.C.P. art. 928, declinatory exceptions may be filed anytime prior to an answer or prior to confirmation of a preliminary default. However, that provision did not take effect until after the March 31, 1997 trial date in the instant case.