985 So.2d 752 (2008)
William E. MARTIN
v.
Marie DECKER and Universal Underwriters Insurance Company.
No. 2007 CA 1838.
Court of Appeal of Louisiana, First Circuit.
March 26, 2008.
Rehearing Denied May 30, 2008.
*753 Jack F. Owens, Jr., Harrisonburg, LA, for Plaintiff/Appellant, William Martin.
Doris T. Bobadilla, Andrea L. Albert, New Orleans, LA, for Defendants/Appellees, Marie Decker and Universal Underwriters Insurance Company.
Before GAIDRY, McDONALD, and McCLENDON, JJ.
McCLENDON, J.
Plaintiff appeals a trial court judgment sustaining the defendants' peremptory exception raising the objection of prescription. For the reasons that follow, we reverse the judgment and remand the matter for further proceedings.

FACTUAL AND PROCEDURAL HISTORY
William Martin sought legal counsel pertaining to injuries he sustained in an automobile accident that occurred on December 22, 2004. In December 2005, Mr. Martin's attorney, Jack Owens, who lived in another town, presumably faxed Mr. Martin a petition he had drafted on his behalf.[1] This correspondence contained a cover letter, dated December 19, 2005, that provided as follows:
Mr. Martin,
Enclosed is the petition that we have prepared to be filed. I am mailing it out today. If you do not get this by Wednesday [sic] 21, 2005; be sure to take the faxed copy over for filing sometime on Thursday [sic] 22, 2005 which is the deadline for filing this petition. When you get this original you can take it to the clerks [sic] office to replace the fax copy you filed.

*754 I am leaving this up to you for filing, just remember the dead [sic] line is DECEMBER 22, 2005.
That same date, December 19, 2005, Mr. Martin walked into the Livingston Parish Clerk of Court's office. He physically presented deputy clerk of court Danielle Craig with a petition that he sought to have filed. The petition appeared to be a copy of the facsimile transmission of the original petition that had been prepared by his attorney, Mr. Owens, and faxed to Mr. Martin, but lacked Mr. Owens' signature. Ms. Craig did not call the lack of a signature to Mr. Martin's attention. Consequently, Mr. Martin paid a $6.00 fee that was designated on a receipt as a "Fax Filing Fee." Ms. Craig stamped the petition "FILED" as of December 19, 2005 at 3:21 p.m. and assigned a suit number to it. Ms. Craig informed Mr. Martin that his petition was "filed" and then provided him with a copy of his time and date-stamped petition.
When he left the clerk's office, Mr. Martin believed that he had filed his petition; nevertheless, based on the language of the cover letter, which Mr. Martin showed Ms. Craig, but which was not filed at that time, and the fact that the petition appeared to be a copy of a fax and was unsigned by Mr. Martin's attorney, Ms. Craig entered it as a "fax filing."
On February 16, 2006, an original signed petition was filed. This petition was nearly identical to the copy that had been filed on December 19, 2005, and asserted the same cause of action against the same defendants. However, said petition contained the original signature of Mr. Owens, Mr. Martin's attorney. This signed petition was filed under the suit number previously issued to the December 2005 petition.
After answering Mr. Martin's petition, the defendants filed a peremptory exception raising the objection of prescription. Therein, they argued that the prescriptive period of one year for a tort claim passed on December 22, 2005. They essentially argued that Mr. Martin's "facsimile filing" on December 19, 2005 was without effect, since an original petition was not filed within five days of that date. Accordingly, they averred that Mr. Martin's petition was not actually "filed" until February 16, 2005, clearly beyond the applicable prescriptive period.
Following a hearing, the trial court sustained the exception and dismissed Mr. Martin's suit. Thereafter, Mr. Martin filed a motion for a rehearing. He argued that the December 19, 2005 filing was not a facsimile filing as contemplated by LSA-R.S. 13:850. He further offered the affidavit of Ms. Craig. Therein, Ms. Craig averred that, on December 19, 2005, Mr. Martin personally delivered a copy of the petition for filing and that the petition "was filed in forma pauperis." Accordingly, Ms. Craig stated that she "time stamped same and assigned a number to the case." She further stated that "[a]t no time did the Clerk of Court's office receive a facsimile transmission from attorney, Jack Owens, or his office, nor from William E. Martin on December 19, 2005[or] before or after."
At the hearing of Mr. Martin's motion, the parties also entered into evidence Ms. Craig's deposition testimony as a joint exhibit. Therein, she testified that Mr. Martin hand-delivered his petition for filing on December 19, 2005 and paid six dollars for a "fax filing fee." She conceded that the petition was not faxed to the clerk's office, so there actually was no basis for charging Mr. Martin with a transmission fee. She explained that if an individual personally delivers a fax copy to the clerk's office for filing, she would treat it as an original filing, as long as it contained an original *755 signature; however, absent such a signature, she treated the matter as a fax filing. She later capitulated and stated that she may have accepted Mr. Martin's petition as an original filing but for the language she noted in the related cover letter addressed to Mr. Martin. She stated that at no time did she advise Mr. Martin that the petition required a signature in order to be filed. To the contrary, she expressly informed him that his petition had been filed, and Mr. Martin left the clerk's office believing it had indeed been filed.
At the close of the hearing, the trial court concluded that Mr. Martin's December 19, 2005 filing was indeed a facsimile filing, and further concluded that Mr. Martin had failed to comply with the mandates of LSA-R.S. 13:850 controlling such filings. Accordingly, the trial court denied the motion for a rehearing. This appeal by Mr. Martin followed.

LAW AND ANALYSIS
The prescriptive period applicable in the case sub judice is the one-year liberative prescription for delictual actions, commencing the day the injury or damage is sustained. LSA-C.C. art. 3492. This statute, like all prescription statutes, is strictly construed against prescription and in favor of maintaining the cause of action. Babineaux v. State ex rel. Dept. of Transp. and Development, 2004-2649, p. 4 (La.App. 1 Cir. 12/22/05), 927 So.2d 1121, 1124. Prescription statutes are intended to protect defendants against stale claims and the lack of notification of a formal claim within the prescriptive period. Ordinarily, the burden of proof is on the party pleading prescription. However, if on the face of the petition it appears prescription has run, the burden shifts to the plaintiff to prove a suspension or interruption of the prescriptive period. In re Brewer, XXXX-XXXX, p. 4 (La.App. 1 Cir. 5/5/06), 934 So.2d 823, 826, writ denied. XXXX-XXXX (La.9/15/06), 936 So.2d 1278.
The prescriptive period in the instant matter expired on December 22, 2005. In this unique factual situation, the only petition in the district court record at the time that the exception was filed was the petition bearing a filing date of February 16, 2006. Based on this February date, and notwithstanding a stamp reflecting the petition had been "FAXED" on December 19, 2005, the petition was untimely on its face. Therefore, Mr. Martin bore the burden of proving that prescription was interrupted or suspended. To ascertain whether Mr. Martin has borne his burden requires a determination of several issues.
As a preliminary matter, we must address whether the plaintiffs December 2005 "filing" was indeed a "facsimile filing" as contemplated by LSA-R.S. 13:850. That statute provides, in pertinent part:
A. Any paper in a civil action may be filed with the court by facsimile transmission. All clerks of court shall make available for their use equipment to accommodate facsimile filing in civil actions. Filing shall be deemed complete at the time that the facsimile transmission is received and a receipt of transmission has been transmitted to the sender by the clerk of court. The facsimile when filed has the same force and effect as the original.
B. Within five days, exclusive of legal holidays, after the clerk of court has received the transmission, the party filing the document shall forward the following to the clerk:
(1) The original signed document.
(2) The applicable filing fee, if any.
(3) A transmission fee of five dollars.
C. If the party fails to comply with the requirements of Subsection B, the *756 facsimile filing shall have no force or effect. The various district courts may provide by court rule for other matters related to filings by facsimile transmission.
After considering the text of the foregoing statute, the fourth circuit, in Dunn v. Welch, XXXX-XXXX, p. 4 (La.App. 4 Cir. 12/9/98), 726 So.2d 51, 53, concluded that when a plaintiff personally files his petition with the clerk's office, and not by facsimile transmission, then LSA-R.S. 13:850 is not applicable. We agree. Given the clear and unambiguous language of the statute, it is patent that it was only intended to apply in circumstances when a plaintiff seeks to file his petition by sending a facsimile transmission via a fax machine to be received via a fax machine located in the clerk's office and designated to receive such transmissions. Therefore, we find that the trial court improperly applied LSA-R.S. 13:850 in this matter. The record indicates that Mr. Martin filed his petition in person, not by facsimile transmission. Thus, LSA-R.S. 13:850 is inapplicable in the instant case. Dunn, XXXX-XXXX at p. 4, 726 So.2d at 53.
Consequently, we are called upon to decide whether Mr. Martin's presentation of his petition for filing on December 19, 2005, his payment of six dollars, together with Ms. Craig's stamping the petition "FILED" were sufficient to interrupt prescription. It is well-settled that prescription is interrupted when the obligee commences an action against the obligor in a court of competent jurisdiction and venue. LSA-C.C. art. 3462. A civil action is commenced by the filing of a pleading presenting the demand to a court of competent jurisdiction. LSA-C.C.P. art. 421. Under the provisions of LSA-C.C.P. art. 253(A), all pleadings or documents to be filed in an action or proceeding instituted or pending in a court shall be delivered to the clerk of court for that purpose, and the clerk shall endorse thereon the fact and date of filing and shall retain possession thereof for inclusion in the record or in the files of his office, as required by law.
It is undisputed herein that Mr. Martin personally presented his petition for filing to the clerk of court, three days before prescription ran, and that the court was one of competent jurisdiction and venue. Further, Mr. Martin paid the filing fee requested by the clerk, and the clerk thereafter endorsed, registered, and filed Mr. Martin's petition on that date.[2] However, Ms. Craig erred in entering the petition as a fax filing and storing it with other such filings rather than retaining possession of the petition for inclusion in the record and further erred in assessing an incorrect filing fee.[3] Even so, such errors by the clerk's office cannot be used to penalize Mr. Martin. Hence, we conclude that Mr. Martin satisfied his burden of proving that his timely December 19, 2005 filing served to interrupt prescription in this matter.
Finally, we are called upon to address what effect, if any, the lack of a signature on the petition filed on December 19, 2005 has on that petition's validity. Louisiana Code of Civil Procedure art. 863, provides, in part:
A. Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be *757 stated. A party who is not represented by an attorney shall sign his pleading and state his address.
* * *
C. If a pleading is not signed, it shall be stricken unless promptly signed after the omission is called to the attention of the pleader.
D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including a reasonable attorney's fee.
At the outset, we note that no motion to strike the December 19, 2005 petition was ever initiated in this matter by either the court or a party as required by LSA-C.C.P. art. 863(D). Moreover, a signed petition was filed on Mr. Martin's behalf on February 16, 2006, before the omission of a signature was called to the attention of either Mr. Martin or his attorney. Even so, we note that the courts of this state have not imposed a penalty for failing to sign a pleading, particularly when there is no prejudice to the opposing party. 1 La. Civil Law Treatise § 6.2, pp. 97-98 n. 8, citing, e.g., Kanuk v. Pohlmann, 338 So.2d 757 (La.App. 4 Cir.1976), writ denied, 341 So.2d 420 (La.1977) (filing of an unsigned pleading is a "step" in the prosecution or defense of the claim that prevents abandonment of the action); Berglund v. F.W. Woolworth Co., 236 So.2d 266 (La.App. 4 Cir.1970) (failure to sign pleading is waived if not objected to timely and the opposing party is not prejudiced thereby).
Furthermore, because LSA-C.C.P. art. 863 is derived from Rule 11 of the Federal Rules of Civil Procedure, pertinent federal decisions afford us guidance for our interpretation and application of this particular article. See Giroir v. South Louisiana Medical Ctr., Division of Hospitals, 475 So.2d 1040, 1042 (La.1985); Allen v. Smith, 390 So.2d 1300, 1301 (La. 1980). Such decisions by the federal courts generally are united in holding that the lack of a signature is merely a technical defect that can be corrected, notwithstanding that the correction comes after time delays have expired. See, e.g., Adams v. Perloff, 784 F.Supp. 1195, 1198-1200 (E.D.Pa.1992) (limitations ran May 9; on April 30 plaintiff personally delivered his unsigned complaint to the clerk's office for filing; the clerk mailed it back to plaintiff for signing; plaintiff signed it and, before May 4, mailed it back to the clerk for filing, where it was received May 10; held, signing and returning the complaint to the clerk was prompt for purposes of Rule 11(a) and thus "the complaint should be treated as having been lodged with the Court on April 30, 1991, when it was first given to the Clerk of Court.")
As The United States Supreme Court stated in Becker v. Montgomery, 532 U.S. 757, 764-65, 121 S.Ct. 1801, 1806, 149 L.Ed.2d 983 (2001):
As plainly as Civil Rule 11(a) requires a signature on filed papers, however, so the rule goes on to provide in its final sentence that "omission of the signature" may be "corrected promptly after being called to the attention of the attorney or party." "Correction can be made," the Rules Advisory Committee noted, "by signing the paper on file or by submitting a duplicate that contains the signature." Advisory Committee's Notes on Fed. Rule Civ. Proc. 11, 28 U.S.C.App., p. 666.

*758 * * *
Civil Rule 11(a) ... was formulated and should be applied as a cohesive whole. So understood, the signature requirement and the cure for an initial failure to meet the requirement go hand in hand. The remedy for a signature omission, in other words, is part and parcel of the requirement itself.
Consequently, in Becker, the Supreme Court held that, pursuant to Civil Rule 11(a), a plaintiff's failure to sign his notice of appeal was curable, notwithstanding the fact that his proffered cure of the defect came after the pertinent time limitation had expired. According to the Supreme Court, the plaintiff's initial omission was not a "jurisdictional" impediment to the pursuit of his appeal. Given all of the foregoing precepts and the particular facts presented in the instant matter, we discern no error in the initially unsigned petition that would serve to disqualify it from serving to interrupt prescription herein.

CONCLUSION
For all of the foregoing reasons, the judgment of the trial court sustaining the defendants' peremptory exception raising the objection of prescription is hereby reversed. The matter is hereby remanded for further proceedings consistent with the opinions expressed herein. All costs of this appeal are assessed to the defendants.
REVERSED AND REMANDED.
NOTES
[1] Named as defendants in the petition were Marie Decker and Ms. Decker's liability insurer, Universal Underwriters Insurance Company.
[2] See LSA-R.S. 13:841, 842, and 843, as they existed in December 2005. Louisiana Revised Statutes 13:841 and 842 have since been amended.
[3] We further note that additional filing fees were also paid when the petition was re-filed in February.