COOKS, J.,
dissenting.
1,1 respectfully dissent from the majority’s affirmance of the trial court’s judgment dismissing Mr. Buelow’s petition to annul the judgment of possession on the grounds of abandonment. I find merit in Mr. Buelow’s argument that his petition to annul cannot be dismissed on abandonment grounds because it fits into the Article 561 exception for succession proceedings. Article 561 clearly provides an exception to an abandonment proceeding for “a succession proceeding: (1) Which has opened; (2) In which an administrator or executor has been appointed; or (3) In which á testament has been probated.” In this case, although Linda Robert’s testament designated Donald Roberts as her executor, no executor was appointed nor confirmed by the trial court. The succession was opened on August 26, 2609, and a Judgment of Possession was signed and entered in the succession proceeding by the district judge that, same day, completing and . closing the probate proceeding. Concerning the three listed characteristics set forth, Article 561 clearly states “or,” thus indicating not all three are required for the exception to be applicable. ■ As two of the three are met in this case (on its face), it appears the exception is applicable here.
The majority disagrees that the exception applies herein, pointing to the case of Succession of Knox, 579 So.2d 1164, 1166 (La.App. 2 Cir.1991), as indicative that “[a] suit for nullity of a judgment of possession is not a succession proceeding as described in [La.Code Civ.P.] Art. 561(A) and is subject to the five year ^abandonment rule.”[1] This opinion was cited favorably in another second circuit case, Succession of Wright, 37,670 (La.App. 2 Cir. 9/24/03), 855 So.2d 926, writ denied, 03-2969 (La.1/16/04), 864 So.2d 632, which also cited a fourth circuit case, Succession of Mexic, 97-1745, p. 3 (La.App. 4 Cir. 04/08/98), 712 So.2d 223, 224, wherein that court opined that the exception in La.Code- Civ.P. art. 561 “for opened successions is in recognition of the fact that uncontested succession proceedings may remain open for years while assets are collected and managed, and as nothing is contested, there is no prosecution or defense under these circumstances.” The court in Mexic adopted a very restrictive reading of the exception provided in Article 561, concluding:
It is the succession proceeding itself that is referred to in [Article] 561, not *268 proceedings within the succession proceeding that are contested. Cf. Succession of Knox, 579 So.2d 1164 (La.App. 2 Cir.1991). The judgment of the trial court that is the subject of this appeal did not dismiss the succession. It merely dismissed a contested action within the succession that was abandoned.
Id. at 225.
I respectfully disagree with the above view for several reasons. Initially, the statute and comments do not expressly provide that any and all “contested” proceedings arising out of an opened succession are excluded from the Article 561 exception for succession proceedings. If the legislature had desired to exclude “proceedings within the succession proceeding that are contested” from the exception provided in Article 561, it could have clearly stated such.
Secondly, “[t]he jurisprudence has uniformly held that [Article] 561 is to be liberally construed to maintain a plaintiffs suit.” Clark v. State Farm Mut. Auto. Ins. Co., 785 So.2d at 785. The off-quoted statement by the court in Kanuk v. Pohlmann, 338 So.2d 757, 758 (La.App. 4 Cir. 1976), writ denied, 341 So.2d 420 (La.1977), set. forth the reasoning behind the liberal construction of Article 561:
| ¡¡The purpose of [Article] 561 is to dismiss actions which have been abandoned, and the article provides for dismissal of those cases in which a plaintiffs inaction during a legislatively ordained period has clearly demonstrated his abandonment of the case. The article was not intended, however, to dismiss those cases in which a plaintiff has clearly demonstrated before the court during the prescribed period that he does not intend to abandon the action.
The Louisiana Supreme Court in Clark v. State Farm Mut. Auto. Ins. Co., 785 So.2d at 785 (footnotes omitted), noted that in adhering to the language in Kanuk, “the appellate courts have declined to allow form to prevail over substance in determining whether an action has been abandoned. This court has likewise declined to allow suits to be dismissed as abandoned based on technical formalities.” The Clark court went on to conclude “abandonment is not meant to dismiss actions on mere technicalities, but to dismiss actions which in fact clearly have been abandoned.” Id. The law is clear that for the purpose of determining abandonment, “the intent and substance of a party’s actions matter far more than technical compliance.” Louisiana Dep’t of Transp. & Dev. v. Oilfield Heavy Haulers, 11-912, p. 4 (La.12/6/11), 79 So.3d 978, 982. If the plaintiff has clearly demonstrated before the court during the prescribed period that he does not intend to abandon his lawsuit, dismissal is not warranted. Wilkerson v. Buras, 13-1328 (La.App. 1 Cir. 8/12/14), 152 So.3d 969.
I also note, in contrast to the cases of Succession of Knox, Succession of Wright and Succession of Mexic, there is case law that takes a different view of whether a petition to annul a judgment of possession is a succession proceeding as described in Article 561.
In Succession of Mizell, the appellant challenged a trial court judgment dismissing his petition to annul a probated testament based on the trial court’s conclusion that the action had been abandoned. In that case, Alda Mizell died on October 16, 1986. On December 3, 1986, Joseph Jar-rell, claiming he was Ms. Mizell’s husband, filed a petition to be appointed administrator of the succession, |4which was granted by order of the trial court on December 9, 1986. On February 27,1987, Floyd Mizell, Ms. Mizell’s son, filed a petition for probate of an olographic testament allegedly *269 ■written by Ms. Mizell,, in which she left all of her property to Mr. Mizell and named him executor .of her. estate. The trial court ordered the testament, be executed on March 2, 1987. Subsequently, on May 29, 1987, Mr. Jarrell filed a petition; to. annul the probated testament, claiming it was not in Ms. Mizell’s handwriting. ..Mr. Jar-rell also claimed entitlement to one-fourth of Ms. Mizell’s estate pursuant to La.Civ. Code art. 2432, which provided for a necessitous surviving spouse to make a claim for the marital portion of the succession. , On September 21, 1987, Mr. Mizell filed a petition for appointment as executor of his mother’s estate, which .was granted by order of the trial court dated September 22, 1987. Ten days later, Mr. Mizell answered Mr. Jarrell’s petition to annul, generally denying the allegations of Mr. Jarrell’s petition. By petition filed on September 19, 1988, Mr. Jarrell sought to have his entitlement to the marital portion recognized.
On May 18, 1993, Mr. Mizell ■ filed a motion to have Mr. Jarrell’s petition to annul the probated testament dismissed, because more than five years elapsed without any steps in the prosecution or defense of the action having been taken. The trial court granted the motion on May 20, 1993, ordering the' petition dismissed. Over three years later, on June 20, 1996, Mr. Jarrell filed a rule to show cause why the judgment of dismissal should not be annulled. On November 21, 1996, the trial court signed a judgment dismissing Mr. Jarrell’s rule to show cause. From this adverse judgment, Mr. Jarrell appealed, contending that the trial court erred in applying La.Code Civ.P. art. 561 to determine that his action to annul the probated testament was abandoned. Mr. Mizell answered the appeal, contending that the trial court judgment should be reversed insofar as it declared that Mr. Jarrell was . married to Ms. Mizell.
IfiThe court -in Mizell, in its holding, did not directly address whether the trial court correctly dismissed Mr. Jarrell’s petition to annul the probated testament on the grounds of abandonment, because it found Mr. Jarrell’s challenge to the May 20, 1993 order of dismissal was untimely. However, pertinent to the issue before us, the court in Mizell wrote:
Although we need not address the merits of Mr. Jarrell’s appeal to decide this case, we note that if Mr. Jarrell had timely challenged the trial court’s dismissal of his petition to annul the probated testament, he would have prevailed. The trial court erred in concluding that Mr. Jarrell’s petition to annul the probated testament was not excepted from the 5~year abandonment rule of [Article] 561, as his petition was part of the succession proceeding Med herein.
Id. at 806 (emphasis added). Thus, the court in Mizell, albeit in dicta, clearly found the petition to annul the succession proceeding was part of the succession proceeding as contemplated by Article 561.
I also find compelling this court’s finding in Succession of Bernat, 13-277 (La.App. 3 Cir. 10/9/13), 123 So.3d 1277, writ denied, 13-2640 (La.2/7/14), 131 So.3d 865, that a petition to annul is rooted in the execution and interpretation of the testament of the decedent. Although, not discussing the issue of abandonment, this court noted:
We also find that the suit for declaratory judgment and the petition to annul the will find their basis rooted in the execution and interpretation of Frank Bernat’s will. Therefore, both actions arise out of the samé transaction or occurrence.
Id. at 1284. I find a similar situation herein. The petition to annul filed by Mr. Buelow is obviously rooted in and arises *270 out of the succession proceeding opened on August 26, 2009. -Further evidencing this, is the fact a new suit number was not assigned to the petition to annul, but rather the probate proceeding number was used.
- Accordingly, I would conclude the trial court erred in dismissing Mr. Buelow’s petition to annul on the grounds'of abandonment. Mr. Buelow’s petition Uto annul the probated testament should have been excepted from the three year abandonment rule of Article 561,- as that petition was part of the succession proceeding. This finding is consistent with the well-settled principles that Article .661 is to be liberally construed and that “any reasonable doubt about abandonment should be resolved in favor of' allowing the prosecution of the claim.”-. Dean v. Delacroix Corp., 12-917, p. 8 (La.App. 4 Cir. 12/26/12), 106 So.3d 283, 288 (citing Clark v. State Farm Mut. Auto. Ins. Co., 785 So.2d at 787). Therefore, I dissent from the majority opinion and would reverse the trial court’s judgment and remand for further proceedings.

. Article 561 was amended in 1997 to change the abandonment period from five to three years.