GRAVOIS, J.
| t Plaintiff/appellant, Marlen Nunez, appeals the trial court’s June 16, 2016 judgment that granted the motions to dismiss on the ground of abandonment filed by defendants, Continental Casualty Company (“CNA”) and Cesar Burgos. For the following reasons, we reverse and remand.
FACTS AND PROCEDURAL HISTORY
On July 30, 2008, Ms. Nunez filed a petition for damages against Mr. Burgos, alleging that Mr. Burgos breached their partnership agreement regarding the opening of a new restaurant/bar and nightclub. On May 7, 2010, Mr. Burgos filed a third-party demand against CNA. Over the course of the next two years, the parties filed various pleadings into the record of the proceeding.
On June 23, 2015, CNA filed a Motion to Dismiss on the Ground of Abandonment, pursuant to La. C.C.P. art. 561. On that same day, Mr. Burgos also filed a Motion for Abandonment, specifically adopting the arguments set forth in CNA’s motion and memorandum. In its memorandum, CNA argued that the last step in the prosecution of the action occurred on June 20, 2012, when Mr. Burgos supplemented responses to Ms. Nunez’s prior discovery requests. Thus, CNA argued that the case was abandoned as a matter of law on or before June 20, 2015. In its memorandum, *933 CNA also recognized, however, that on February 9, 2015, within the three-year abandonment period, Ms. Nunez e-fíled into the trial court record a second set of interrogatories directed to Mr. Burgos. CNA noted, however, that the e-filed interrogatories were not signed. In its memorandum, CNA argued first that the interrogatories did not interrupt abandonment since they were not served on all parties, and second that the interrogatories were null and void since they were not signed.
In an opposition memorandum, Ms. Nunez argued that the unsigned discovery was cured pursuant to La. C.C.P. art. 1420(C) when, as soon as it was ^called to the attention of Ms. Nunez’s counsel that the interrogatories were not signed, Ms. Nunez’s counsel signed the interrogatories and filed them into the trial court record, along with a proper certificate of service. Further, regarding service, Ms. Nunez argued that the interrogatories were electronically served on Mr. Burgos and CNA on February 9, 2015 via email, and that her certificate of email service clearly showed that the interrogatories were served on all parties through their counsel of record at their correct email addresses.
Following a hearing conducted on May 18, 2016, the trial court signed a judgment on June 16, 2016 granting the motions for abandonment. In its written reasons for judgment, the trial court relied on this Court’s holding in Florreich v. Entergy Corp., 09-414 (La.App. 5 Cir. 2/28/10), 32 So.3d 965, writ denied, 10-1057 (La. 9/3/10), 44 So.3d 691, that “unsigned discovery may not be relied upon as a step in the prosecution of litigation.” Based on this finding, the trial court stated that “(t)he discovery filed in this matter by plaintiff before the abandonment period would have ran were, it is uncontested, not signed, and they were not signed until after the abandonment period had ran.” For these reasons, the trial court granted the motions to dismiss on the ground of abandonment. This timely appeal followed. On appeal, Ms. Nunez asserts two assignments of error.
ASSIGNMENT OF ERROR NO. ONE
In her first assignment of error, Ms. Nunez questions whether the trial court overlooked the Louisiana Supreme Court case of Clark v. State Farm Ins. Co., infra, which she asserts clearly holds that a pleading filed in the record, albeit unsigned, is sufficient to defeat a claim of abandonment.
 The controlling statutory provision in this case is La. C.C.P. art. 561, which provides, in pertinent part:
A. (1) An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years,
[[Image here]]
[[Image here]]
B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.
(Emphasis added.)
Article 561 thus requires three things: (1) that a party take some “step” in the prosecution or defense of the action; (2) that it be done in the trial court and, with the exception of formal discovery, on the record of the suit; and (3) that it be taken within three years of the last step taken by either party. James v. Formosa Plastics Corp., 01-2056 (La. 4/03/02), 813 So.2d 335, 338; Clark v. State Farm Ins. Co., 00-3010 (La. 5/15/01), 785 So.2d 779, 784; Chevron Oil Co. v. Traigle, 436 So.2d 530, 532 (La. 1983). A “step” in the prosecution or de *934 fense of an action is a formal action by a party before the Court intended to hasten the matter to judgment, or when a party takes a deposition with or without formal notice. Clark, 785 So.2d at 784; Chevron, 436 So.2d at 532; Melancon v. Continental Casualty Co., 307 So.2d 308, 312 (La. 1975). Whether or not a step in the prosecution of a case has been taken in the trial court for a period of three years is a question of fact subject to manifest error analysis on appeal. Florreich, 32 So.3d at 969.
Abandonment is self-executing; it occurs automatically upon the passing of three years without a step being taken by either party, and is effective without court order. Clark, supra; Giovingo v. Dunn, 11-781 (La.App. 5 Cir. 3/13/12), 90 So.3d 1098, 1101, writ denied, 12-0831 (La. 5/25/12), 90 So.3d 418. Once abandonment has occurred, action by the plaintiff cannot breathe new life into the suit, Clark, 785 So.2d at 789.
Finally, the jurisprudence has uniformly held that La. C.C.P. art. 561 is to be liberally construed in favor of maintaining a plaintiffs suit. Clark, 785 So.2d at 785. Abandonment is not meant to dismiss actions on mere technicalities, but to dismiss actions which in fact clearly have been abandoned. Id. at 786.
|4In her first assignment of error, Ms. Nunez argues that the trial court erred in not applying the principles of Clark to the discovery filed in the trial court record. Specifically, Ms. Nunez argues that the Supreme Court in Clark adopted the reasoning set forth by the Fourth Circuit in Kanuk v. Pohlmann, 338 So.2d 757 (La. App. 4th Cir. 1976), writ denied, 341 So.2d 420 (La. 1977). In Kanuk, the court found that an unsigned motion to fix for trial on the merits constituted a step in the prosecution of the case so as to prevent dismissal for abandonment. The court reasoned that:
The purpose of the C.C.P. art. 561 is to dismiss actions which have been abandoned, and the article provides for dismissal of those cases in which a plaintiffs inaction during a legislatively ordained period has clearly demonstrated his abandonment of the case. The article was not intended, however, to dismiss those cases in which a plaintiff has clearly demonstrated before the court during the prescribed period that he does not intend to abandon the action. The filing of the technically defective motion in this case was a step toward moving the suit to judgment and militated against any intention to abandon the action.
Furthermore, the purpose of C.C.P. art. 863⅛ requirement of signed pleadings is to place the responsibility for truthful and accurate allegations upon the attorney so as to subject him to disciplinary action for willful violation. {See C.C.P. art. 864, which also provides sanctions for scandalous or indecent matter in pleadings.) See also Berglund v. F. W. Woolworth Co., 236 So.2d 266 (La. App. 4th Cir. 1970). This purpose is completely unrelated to the application of the article in the present case and to the harsh, technical result of that application.
Kanuk, 338 So.2d at 758.
Ms. Nunez argues that in footnote 11 of Clark, supra, Kanuk is specifically “cited and approved.” In Clark, the Supreme Court quoted the first above-quoted paragraph from Kanuk when discussing the liberal construction standard of La. C.C.P. art. 561 and then footnoted the following:
In Karmk, for instance, the principle was applied to find the filing of a technically defective, unsigned motion refuted any inference that plaintiff intended to *935 abandon the action. In finding this a step, the court stressed the lack of prejudice to the defendants.
Clark, 785 So.2d at 786 n.11.
|sMs. Nunez argues that with this footnote, the Supreme Court in Clark approved of an example where an unsigned pleading being filed.into the trial court record might be “technically defective,” but may still be relied upon as a step in the prosecution of the action. Thus, based on Clark’s ruling and its adoption of Kanuk’s “rationale,” Ms. Nunez argues that the trial court erred as a matter of law in finding that her case was abandoned.
The Fourth Circuit in Kanuk also considered the lack of proof of prejudice to the defendants in its finding that an unsigned motion to fix for trial on the merits constituted a step in the prosecution of the case so as to prevent dismissal because of abandonment, to-wit:
Pertinent is the following observation in 5 Wright & Miller, Federal Practice and Procedure § 1334 (1969), relative to Federal Rule 11, the source of C.C.P. art. 863:
“A failure to sign is a mere technical defect. Accordingly, in view of the basic policy of the federal rules to adjudicate actions on their merits rather than on procedural niceties, a motion to dismiss or to strike under this rule should not be granted unless the moving party has been severely prejudiced or misled by the pleader’s failure to sign. It is highly unlikely that a party will be able to show sufficient prejudice to justify dismissal. Moreover, the liberal philosophy of Rule 15 seems to encourage the court’s giving leave to amend to correct a failure to sign a pleading.”

Defendants have not even attempted to show any prejudice sustained because of plaintiffs’ failure to sign the motion to fix for trial.

(Emphasis added.)
Kanuk, 338 So.2d at 758.
In the present case, Ms. Nunez also argues that defendants have likewise failed to present proof of any prejudice sustained as a result of Ms. Nunez’s e-filing of interrogatories into the trial court record that were not signed. ■
In response, CNA and Mr. Burgos rely on this Court’s holding in Florreich, supra. In Florreich, the plaintiff relied on, among other things, an unsigned copy of discovery responses in support of his argument that his case had not been | f,abandoned. After the defendant argued that an unsigned copy of the responses could not constitute a step in the prosecution, the plaintiff filed a supplemental memorandum whereby he submitted a signed copy of the discovery responses. The plaintiff also submitted an affidavit by his counsel verifying that counsel had entrusted the physical mailing of the responses to the US Postal Service and his clerical assistant, but that he was unable to locate his pre-Hurricane Katrina clerical assistant, who supposedly had mailed the unsigned discovery responses to the parties. This Court found the following:
Because the original copy of tbe discovery responses was unsigned by Plaintiffs counsel, it was null and void and could not be used as evidence of mail service to Defendants. The signed copy of the discovery responses subsequently 'submitted by Plaintiff would have been sufficient to serve as proof of mailing, absent the accompanying affidavit of Plaintiffs counsel. The affidavit that was submitted provided clear and convincing evidence that Plaintiffs counsel did not physically mail discovery responses to Defendants. As a result, Plaintiff rebutted his own certificate of service. There *936 fore, we find that the [sic] neither the unsigned copy nor the signed copy of discovery responses interrupted abandonment of the case.
(Emphasis added.)
Florreich, 32 So.3d at 970.
Thus, in Florreich, this Court found that because the original copy of the discovery responses was unsigned, it was “null and void” and could not be used as evidence of mail service to the defendant, and therefore did not interrupt abandonment. Further, the signed copy of the discovery responses subsequently submitted by the plaintiff would have been sufficient to serve as proof of mailing, absent the accompanying affidavit of the plaintiffs counsel, because the accompanying affidavit of the plaintiffs counsel provided clear and convincing evidence that the plaintiffs counsel did not physically mail discovery responses to the defendant. The plaintiff in Florreich was thus not able to provide proof that the discovery responses had been mailed to the defendant so as to satisfy the service requirement of La. C.C.P. art. 561(B)—that the discovery responses were “served on all parties 17whether or not filed of record”—and thus the discovery responses could not serve as a step in the prosecution of the action to avoid abandonment of the action.[1]
Upon review, we rely on this Court’s holding in Flomich, as the trial court correctly did, to originally find that, when the interrogatories were e-filed into the trial court record, they were unsigned and thus at that point were “null and void and could not be used as evidence of mail service to the defendant.” Florreich, supra. Our inquiry does not stop there, however, as it is evident as shown above that this Court’s opinion in Flomich was based more on lack of proof of service of the discovery responses, rather than on lack of signature on the discovery responses.
In the present case, we are further required to look to La. C.C.P. art. 1420 to address whether the subsequently signed interrogatories cured the defective discovery. Article 1420 provides, in pertinent part:
A. Every request for discovery, or response or objection thereto, made by a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be staked. A party who is not represented by an attorney shall sign the request, response, or objection and state his address.
[[Image here]]
C. If a request, response, or objection is not signed, it shall be stricken unless promptly signed after the omission is called to the attention of the person whose signature is required. A party shall not be obligated to take any action with respect to the request, response, or objection until it is signed.
(Emphasis added.)
Here, defendants filed their motions for abandonment on June 23, 2015 and therein brought to the attention of Ms. Nunez that her e-filed discovery was not signed. The very next day, on June 24, 2015, Ms. Nu *937 nez filed into the record a “Certificate |sof Service Pursuant to Article C.C.P. 1314(B)” with which she included a signed copy of the originally unsigned discovery. As such, Ms. Nunez promptly signed the discovery after the omission was called to her attention as authorized by La. C.C.P. art. 1420(C), and thus cured the defect in the previously filed unsigned discovery.[2]
Nonetheless, defendants argue that the cure of the defect in the discovery came after the expiration of the abandonment period and therefore could not revive the action. We disagree with defendants’ assertion that curing the defect would revive Ms. Nunez’s action. Rather, in order to give proper and appropriate meaning and effect to La. C.C.P. art. 1420(C), we find that because the discovery was signed promptly after the omission was called to Ms. Nunez’s attention, as clearly authorized by La. C.C.P. art. 1420(C), it should be treated as having been signed and filed as of the original date it was e-filed into the trial court record—February 9, 2015. As previously stated, abandonment is not meant to dismiss actions on mere technicalities, but to dismiss actions which in fact clearly have been abandoned. Clark, 785 So.2d at 786. Under the particular facts and circumstances of this case, we find that Ms. Nunez clearly intended to take a step in the prosecution of her case by e-filing the interrogatories into the trial court record on February 9, 2015, and then by promptly submitting signed copies of the interrogatories the day after it was called to her attention that the filed interrogatories were not signed. Notwithstanding that Ms. Nunez signed the interrogatories after the abandonment period ran, given the circumstances of this case and that La. C.C.P. art. 1420(C) allows for unsigned discovery to be signed at a later time, we find that the trial court erred in finding the case abandoned based on the unsigned discovery.
LWe further find, like the Fourth Circuit found in Kanuk, swpm, that defendants have not shown that they sustained any prejudice as a result of Ms. Nunez’s e-filing interrogatories into the trial court record that were not signed.
We are further persuaded by the First Circuit’s holding in Martin v. Decker, 07-1838 (La.App. 1 Cir. 3/26/08), 985 So.2d 752, writ denied, 08-1405 (La. 10/3/08), 992 So.2d 1014, which involved the issue of whether an unsigned petition interrupts prescription. The statute relied on in Martin was La. C.C.P. art. 863,[3] which was derived from Rule 11 of the Federal Rules of Civil Procedure, both of which allow a party to sign an unsigned document promptly after the omission is called to the attention of the pleader. The court looked at several federal cases which allowed for the correction of the signature, notwithstanding that the correction came after the time delays had expired. One ease in particular, Becker v. Montgomery, 532 U.S. 757, 764-65, 121 S.Ct. 1801, 1806, 149 L.Ed.2d 983 (2001), stated:
*938 As plainly as Civil Rule 11(a) requires a signature on filed papers, however, so the rule goes on to provide in its final sentence that “omission of the signature” may be “corrected promptly after being called to the attention of the attorney or party.” “Correction can be made,” the Rules Advisory Committee noted, “by signing the paper on file or by submitting a duplicate that contains the signature.” Advisory Committee’s Notes on Fed. Rule Civ. Proc. 11, 28 U.S.C. App., p. 666.
* * *
Civil Rule 11(a) ... was formulated and should be applied as a cohesive whole. So understood, the signature requirement and the cure for an initial failure to meet the requirement go hand in hand. The remedy for a signature omission, in other words, is part and parcel of the requirement itself.
Martin v. Decker, 985 So.2d at 757-758.
11f)The First Circuit in Martin went on to find that notwithstanding the fact that the initially filed petition was unsigned, it still served to interrupt prescription even though the plaintiff cured the defect by filing a signed original of the unsigned petition that was originally filed after the prescription period had expired, to-wit:
Consequently, in Becker, the Supreme Court held that, pursuant to Civil Rule 11(a), a plaintiffs failure to sign his notice of appeal was curable, notwithstanding the fact that his proffered cure of the defect came after the pertinent time limitation had expired. According to the Supreme Court, the plaintiffs initial omission was not a “jurisdictional” impediment to the pursuit of his appeal. Given all of the foregoing precepts and the particular facts presented in the instant matter, we discern no error in the initially unsigned petition that would serve to disqualify it from serving to interrupt prescription herein.
Martin v. Decker, 985 So.2d at 758.
In conclusion, for the foregoing reasons, we find that under , the particular facts and circumstances of this case, the trial court erred in finding that the unsigned discovery that was e-filed into the trial court record during the abandonment period did not interrupt the abandonment period where the discovery was promptly signed—albeit outside of the abandonment period—after the omission was called to Ms. Nunez’s attention, as authorized by La. C.C.P. art. 1420(C).
ASSIGNMENT OF ERROR NO. TWO
In her second assignment of error, Ms. Nunez questions whether the record contains clear evidence of service of the interrogatories on the two defendants. Here, Ms. Nunez argues that the court erred when it failed to additionally rule that the electronic service requirements of La. C.C.P. art. 1313 were followed concerning plaintiffs discovery in question.[4] *939 Because of the trial court’s finding |nthat “unsigned discovery may not be relied upon as a step in the prosecution of litigation,” it did not present a ruling on the issue of whether service of the discovery was proper. In light of our finding above, that the trial court erred in finding the case abandoned based on the unsigned discovery, we remand the matter to the trial court for a determination as to whether service of the discovery on all parties, as required under La. C.C.P. art. 561(B), was proper.
CONCLUSION
For the foregoing reasons, the trial court’s judgment granting the motions for abandonment is reversed and the matter is remanded to the trial court for further proceedings.
REVERSED AND REMANDED

. Noteworthy, the original unsigned discovery responses in Flcnreich were not contemporaneously filed into the trial court record, and thus there was no independent proof that they had actually been submitted by the plaintiff during the abandonment period. In the present case, however, it is undisputed that the interrogatories in question were contemporaneously e-filed into the trial court record during the abandonment period, albeit unsigned, and thus were clearly propounded during the abandonment period. Defendants claim, however, that they were never served with the interrogatories.

. We note that defendants did not file a motion to strike the unsigned discovery prior to filing their motions for abandonment.

. La. C.C.P. art. 863 provides, in pertinent part:
A. Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading and state his address.
[[Image here]]
C. If a pleading is not signed, it shall be stricken unless promptly signed after the omission is called to the attention of the pleader.
(Emphasis added.)

. La. C.C.P. art. 1313 provides, in pertinent part:
A. Except as otherwise provided by law, every pleading subsequent to the original petition, and every pleading which under an express provision of law may be served as provided in this Article, may be served either by the sheriff or by:
* * *
(4) Transmitting a copy by electronic means to counsel of record, or if there is no counsel of record, to the adverse party, at the number or addresses expressly designated in a pleading or other writing for receipt of electronic service. Service by electronic means is complete upon transmission but is not effective and shall not be certified if the serving party learns the transmis *939 sion did not reach the party to be served.
B. When service is made by mail, delivery, or electronic means, the party or counsel making the service shall file in the record a certificate of the manner in which service was made.