| DARLENE WARD PELLECER, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF CARLOS F. PELLCER, CYNTHIA PELLECER KEPPLER, LINDA PELLECER SEWARD, AND BONNIE PELLECER PEREZ | * * * * * | NO. 2023-C-0513<br><br>COURT OF APPEAL<br><br>FOURTH CIRCUIT<br><br>STATE OF LOUISIANA |
|---|---|---|

\* \* \* \* \* \* \*

VERSUS

WERNER CO., A CORPORATION OF DELAWARE, WERNER CO. (DE), NEW WERNER HOLDING CO., INC., NEW WERNER HOLDING, LLC, NEW WERNER HOLDING CO., (DE)< LLC, SUE ANN SILVERMAN SINGER, HAROLD SINGER, AND 2011 GENERAL PERSHING, LLC

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2020-04936, DIVISION "J"
Honorable D. Nicole Sheppard
\* \* \* \* \* \*
**Judge Nakisha Ervin-Knott**
\* \* \* \* \* \*

(Court composed of Chief Judge Terri F. Love, Judge Sandra Cabrina Jenkins, Judge Nakisha Ervin-Knott)

Martin A. Stern
Leigh Ann Schnell
Raymond P. Ward
ADAMS AND REESE LLP
701 Poydras St., Suite 4500
New Orleans, LA 70139
-AND-
John E.W. Baay, II
Nicholas S. Bergeron
GIEGER, LABORDE & LAPEROUSE, LLC
701 Poydras St., Suite 4800
New Orleans, LA 70139

COUNSEL FOR RELATORS

Gary M. Carter, Jr.
THE CARTER FIRM, LLC
2401 Westbend Parkway, Suite 3070
New Orleans, LA 70114

COUNSEL FOR RESPONDENTS

**REVERSED AND REMANDED**

**September 7, 2023**

NEK
TFL
SCJ

Relators, Werner Co. and New Werner Holding Co., seek supervisory review of the district court's July 21, 2023 judgment striking their motion for new trial. For the following reasons, we grant the writ, reverse the district court's ruling, and remand the matter with orders for the district judge to rule and issue a judgment on Relators' motion for new trial.

### Relevant Facts and Procedural Background

On December 21, 2022, the district court mailed notice to all parties of the trial judgment against Relators. On January 5, 2023, Relators electronically filed a "Motion for Judgment Not Withstanding the Verdict and Alternative Motion for New Trial" (herein "motion for new trial"). Although Relators contend that counsel signed the motion, a signature did not appear on the electronically filed version in the district court's record. On January 6, 2023, when the judge's chambers received the filed motion, the judge's law clerk informed Relators that the pleading was missing a signature. On January 11, 2023, Relators filed into the record a duplicate of their first motion that contained counsel's signature.[1] On February 7, 2023, after the period for filing a suspensive appeal had run,

_____

[1] Prior to this, Relators had attempted to fix the omission by submitting a signed, but unfiled, copy of the motion to chambers.

1

Respondents filed a "Motion to Strike Unsigned and Untimely Motion for Judgment Not Withstanding the Verdict and Alternative Motion for New Trial" (herein "motion to strike). The district court heard all these motions on March 10, 2023.

After hearing the arguments of counsel, the district court orally denied both the motion to strike and motion for new trial. However, the district court failed to sign and issue a formal, written judgment reflecting the ruling. Thereafter, Respondents filed a Motion to Examine Judgment Debtor. In response, Relators filed a "Rule to Show Cause Regarding Outstanding Judgments and Orders" and requested that the judge sign their judgment reflecting the March 10, 2023 ruling. The district court held a hearing on July 21, 2023. At the hearing, the judge, without stating her reasons for doing so, reversed her earlier ruling and granted Respondents' motion to strike. Accordingly, Relators' motion for new trial was stricken from the record.

### Discussion

Relators contend that the district court erred in striking their motion for new trial because they cured the defect in their original motion and promptly submitted a signed, duplicate motion. Conversely, Respondents argue that the original motion for new trial was null and void and that the duplicate motion did not relate back to the January 5, 2023 filing date.

An appellate court will review a ruling on a motion to strike for an abuse of discretion; the appellate court will typically not disturb the ruling unless it finds that the district court based its ruling upon an erroneous view of the law or a clearly erroneous view of the facts. *Tran v. Collins*, 2020-0246, p. 5 (La. App. 4 Cir. 8/20/21), 326 So. 3d 1274, 1279.

2

La. C.C.P. art. 863(C) holds, "If a pleading is not signed, it shall be stricken *unless promptly signed after the omission is called to the attention of the pleader*." (Emphasis added). Our jurisprudence notes that the purpose of this requirement is to "place the responsibility for truthful and accurate allegations upon the attorney so as to subject him to disciplinary action for willful violation." *Kanuk v. Pohlman*, 338 So. 2d 757, 758 (La. App. 4th Cir. 1976) (citing La. C.C.P. art. 864 and *Berglund v. F. W. Woolworth Co.*, 236 So. 2d 266 (La. App. 4th Cir. 1970)). Therefore, the omission of a signature on a pleading is a "mere technical defect." *Id.* This technical defect may be cured by either (1) signing the paper on file or (2) submitting a duplicate filing that contains the attorney's signature. *Martin v. Decker*, 2007-1838, p. 9 (La. App. 1 Cir. 3/26/08), 985 So. 2d 752, 757 (citing *Becker v. Montgomery*, 532 U.S. 757, 764–65, 121 S.Ct. 1801, 1806 (2001)). If the attorney promptly cures the defect, then the pleading relates back to the date the original, unsigned pleading was filed into the record. *Nunez v. Burgos*, 2016-568, p. 8 (La. App. 5 Cir. 3/15/17), 215 So. 3d 931, 937. Louisiana courts typically do not impose a penalty for an attorney's failure to sign a pleading if there was no prejudice to the opposing party. *E.g. Zanders v. Davis*, 2019-1057, p. 8 (La. App. 1 Cir. 2/21/20), 298 So. 3d 739, 744; *Martin*, 2007-1838, p. 8, 985 So. 2d at 757.

The law is clear. La. C.C.P. art. 863 is meant to be an accountability measure placed on attorneys, not a method to defeat substantive points of law on a mere technicality. In order for a court to strike a pleading, (1) the mover must have failed to promptly cure the defect, and (2) the opposer must have been prejudiced in some way. In the case at bar, Relators cured the defect less than a week after the omission was brought to their attention by filing a duplicate motion with a signature included. Further, Respondents have not shown that they were prejudiced

by the filing. However, the striking of the motion for new trial greatly prejudices Relators' right to an appeal.

## <u>Decree</u>

For the foregoing reasons, we grant Relators' writ application, reverse the district court's ruling, and remand the matter with orders that the district court rule and issue a judgment on Relators' motion for new trial.

**REVERSED AND REMANDED**